[Civ. No. 7282. Fourth Dist. Dec. 16, 1964.]

UNITED CONCRETE PIPE CORPORATION, Plaintiff and Respondent, v. LABORERS' LOCAL NO. 89 OF SAN DIEGO, CALIFORNIA, Defendant and Appellant.

Wencke, Carlson & Kuykendall and Jerry J. Williams for Defendant and Appellant.

Gray, Cary, Ames & Frye, Josiah L. Neeper and James W. Archer for Plaintiff and Respondent.

BROWN (Gerald), J.—Defendant Laborers' Local 89 (the Union) appeals from an order granting a preliminary injunction restraining it from picketing or striking over a grievance with plaintiff United Concrete Pipe Corporation (the Employer).

In January 1962 the Union and the Employer entered into a collective bargaining agreement which provided for an employee grievance settlement procedure (Article IX) and the rights and duties of a shop steward (Article X).

Article IX directs the procedure by which an employee settles a grievance with the employer. If a grievance is not settled, the final step is compulsory arbitration, provided the grievance ". . . involves a question of the interpretation or the application of this agreement."

Article X specifies that the shop steward shall be a working employee who will be given a reasonable amount of on-the-job time to perform his union duties. Additionally it provides: "In no event shall the employer discriminate against a steward or lay him off or discharge him on account of any action taken by him in the proper performance of his Union duties."

The collective bargaining agreement does not contain a no-strike provision.

In December 1962, after notice to the Union, the Employer

laid off Shop Steward Theodore Williams. Williams declared the Employer constantly harassed and discriminated against him because of his position. On December 19, 1962 the Union met with the Employer in an effort to have Williams reinstated. The Union argued the discharge was discriminatory and violated the collective bargaining agreement. Being unable to agree, the Union threatened to picket. The Employer telegraphed the Union that it stood ready to process "any grievance in accordance with Article IX." The Union replied "Your discharge of Steward repudiates the contract grievance procedure and is the latest example of bad faith bargaining in violation of NLRA and basic labor principles."

On December 28, 1962 the Union filed a charge against the Employer with the National Labor Relations Board alleging: "Discrimination against Union Stewards in violation and repudiation of Collective Bargaining Agreement, as well as in violation of National Labor Relations Act . . ." and other continued refusals to bargain collectively. The same day a temporary restraining order was issued by the superior court at the request of the Employer.

On January 7, 1963, the superior court granted a preliminary injunction restraining the Union from picketing and stopping work pending trial.

The record consisting of the complaint, exhibits and the declarations establishes the dispute concerns only the discharge of the shop steward. Although the Union alleges unfair labor practices by the Employer, they are not supported by specific declarations of fact.

This appeal questions the state court's determination that the grievance was governed by the collective bargaining agreement and whether, under the present facts and applicable federal law, an injunction was proper and within the court's jurisdiction.

Section 301(a) of the Labor Management Relations Act (61 Stat. 136, 29 U.S.C. § 141) which has been held to vest the state courts with concurrent jurisdiction (*Charles Dowd Box Co.* v. *Courtney*, 368 U.S. 502 [82 S.Ct. 519, 7 L.Ed.2d 483]; *McCarroll* v. *Los Angeles County etc. Carpenters*, 49 Cal.2d 45 [315 P.2d 322]), provides in part: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties. . . ."

State courts must apply federal precedent in deciding a controversy under this section. (*Local 174, Teamsters etc. of America* v. *Lucas Flour Co.*, 369 U.S. 95 [82 S.Ct. 571, 7 L.Ed.2d 593].)

Initially, the Union argues that the grievance which prompted its threatened action was not subject to arbitration under the collective bargaining agreement. This position contradicts that taken by the Union in the factual background of the case. Nevertheless, stating the rule that " '[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.' " (*Atkinson* v. *Sinclair Refining Co.*, 370 U.S. 238, 241 [82 S.Ct. 1318, 8 L.Ed.2d 462].)

The Union contends the grievance procedure applies only to disputes between the Employer and an employee, not to disputes between the Employer and the Union.

The agreement, however, defines the shop steward as "a working employee." (Art. X.) The grievance procedure (Art. IX) authorizes the Union to represent the employee in disputes with the Employer. Resolving, as we must, all conflicts of fact in favor of the trial court's order, the record supports a determination that the sole grievance was the alleged discriminatory discharge of the shop steward. This grievance was expressly covered by the agreement. *Mastro Plastics Corp.* v. *National Labor Relations Board,* 350 U.S. 270 [76 S.Ct. 349, 100 L.Ed. 309], cited by the Union, is not controlling.

Secondarily, the Union insists that to enjoin it from pursuing its traditional remedies on the basis of a non-existent no-strike clause is not supported by controlling federal precedent.

In *Local 174, Teamsters etc. of America* v. *Lucas Flour Co.*, 369 U.S. 95 [82 S.Ct. 571, 7 L.Ed.2d 593], a case involving a dispute over the discharge of an employee under a collective bargaining agreement providing for compulsory final arbitration, and like this case, containing no express no-strike clause, the United States Supreme Court said: "Whether . . . the strike . . . was a violation of the collective bargaining contract is . . . the ultimate issue which this case presents. It is argued that there could be no violation in the absence of a no-strike clause in the contract explicitly covering the subject of the dispute over which the strike was called. We disagree.

"The collective bargaining contract . . . imposed upon both parties the duty of submitting the dispute in question to . . . arbitration . . . [A] strike to settle a dispute which a collective bargaining agreement provides shall be settled exclusively and finally by compulsory arbitration constitutes a violation of the agreement. . . . To hold otherwise would . . . do violence to accepted principles of traditional contract law. Even more in point, a contrary view would be . . . at odds with the basic policy of national labor legislation to promote the arbitral process as a substitute for economic warfare. [Citations omitted.]

"What has been said is not to suggest that a no-strike agreement is to be implied beyond the area which it has been agreed will be exclusively covered by compulsory terminal arbitration." (Pp. 104-106.)

The grievance involved in this case is within the express contemplation of the collective bargaining agreement which provides for compulsory terminal arbitration. To hold that the absence of an express no-strike provision permits the Union to picket and strike under these circumstances is at odds with the intentions of the parties and the policy of national labor relations.

Finally, the Union contends the facts of this case arguably bring the dispute within the provisions of sections 7 and 8 of the Labor Management Relations Act (61 Stat. 136, 29 U.S.C. A. §§ 157, 158); that under such circumstances the state court does not have jurisdiction to grant injunctive relief. We need not consider the legal merits of this argument because the record supports the contention that the dispute involves only an alleged discriminatory discharge of an employee which is not arguably within the cited sections of the Labor Management Relations Act.

Under the circumstances the issuance of an injunction by the state court in this case was a proper exercise of jurisdiction. (*McCarroll* v. *Los Angeles County etc. Carpenters*, 49 Cal.2d 45 [315 P.2d 322]; *Smith* v. *Evening News Assn.*, 371 U.S. 195 [83 S.Ct. 267, 9 L.Ed.2d 246]; *Retail Clerks Union* v. *Thriftimart, Inc.*, 59 Cal.2d 421 [30 Cal. Rptr. 12, 380 P.2d 652].)

Order affirmed.

Griffin, P. J., and Coughlin, J., concurred.